**SO ORDERED.**

**SIGNED this 04 day of June, 2007.**



_____
JANICE MILLER KARLIN
UNITED STATES BANKRUPTCY JUDGE

_____

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF KANSAS

IN RE:
MARSHA L. GADDIS                                  Case No. 07-40476
                                                  Chapter 7
     Debtor.
_____

## MEMORANDUM AND OPINION DISMISSING CASE

The Court issued a show cause order, requiring Debtor to show cause why her case should not be dismissed for failure to comply with 11 U.S.C. § 109(h).[1]  Debtor obtained credit counseling 186 days before filing this case, when § 109(h) requires debtors to obtain credit counseling not more than 180 days before filing.  The Debtor and the Standing Trustee argue that despite the Debtor's technical non-compliance with § 109(h), the Court should decline to dismiss her case because she complied with the spirit of the Bankruptcy Code by

_____

[1]This case was filed after October 17, 2005, when most provisions of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 became effective.  All future statutory references are thus to the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA), 11 U.S.C. §§ 101 - 1532 (2005), unless otherwise specifically noted.

obtaining the counseling within the approximate time period contemplated by the relevant statute.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(A). Venue is appropriate under 28 U.S.C. § 1408(1).

**I. Facts**

On October 13, 2006, Debtor obtained credit counseling from an agency approved by the U.S. Trustee to provide that counseling. She filed this bankruptcy petition on April 18, 2007, or 186 days later. The signature of the counselor on the actual Certificate of Counseling[2] is dated November 1, 2006, but it clearly states that the actual counseling was received on October 13, 2006.

Debtor forthrightly admits that she commenced this case more than 180 days after obtaining the credit counseling. Furthermore, she does not argue that she is statutorily exempted from participating in budget and credit counseling under the limited exceptions set forth in §109(h).[3] Instead, Debtor argues that until she actually obtains the Certificate from the counselor, she should not be deemed to have "received" the counseling—i.e. that the

---

[2]Doc. 2.

[3]For example, § 109(h)(4) provides an exceedingly limited exemption from participation in budget and credit counseling if the court determines, after notice and hearing, that the debtor is unable to complete those requirements because of incapacity, disability, or active military duty in a military combat zone. The statute then provides that for the purpose of that paragraph, "incapacity (sic) means that the debtor is impaired by reason of mental illness or mental deficiency so that he is incapable of realizing and making rational decisions with respect to his financial responsibilities; and 'disability' means that the debtor is so physically impaired as to be unable, after reasonable effort, to participate in an in person, telephone, or Internet briefing required under paragraph (1)." The other limited exemptions appear in § 109(h)(2)(A), which exempts debtors who reside in districts where the U.S. Trustee has not certified any credit counseling agencies, and in § 109(h)(3), which allows deferment of credit counseling for a limited period after filing under certain exigent circumstances not applicable (or argued) here.

2

Case 07-40476    Doc# 15    Filed 06/04/07    Page 2 of 7

counseling should not be deemed received until at least the date the counselor signs the Certificate. She further argues that the Court should look past the statutory language, and decline to dismiss the case, on the basis that Congress really just intended for debtors to obtain credit counseling, and because she did in fact receive the counseling, albeit not within the statutory period, the delay is essentially "no harm no foul." Finally, Debtor requests this Court decline to dismiss the case pursuant to the reasoning contained in *In re Manalad*, 360 B.R. 288 (Bankr. C.D. Cal. 2007), arguing, among other things, that nothing in Title 11 of the United States Code establishes the remedy for failure to comply with the credit counseling requirements, while the remedy of dismissal is specifically provided for in other situations.

## II. Analysis

The provisions of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), which generally became effective in October of 2005, made widespread changes to the existing Bankruptcy Code. One of the additions is a new requirement that, in order to be eligible for bankruptcy relief, individual debtors must obtain pre-bankruptcy credit counseling from an approved agency.[4] To effectuate this requirement, Congress added § 109(h) to the Bankruptcy Code, which provides:

Subject to paragraphs (2) and (3), and notwithstanding any other provision of this

---

[4]*In re Ruckdaschel,* __ B.R. __, 2007 WL 841592 at *2 (Bankr. D. Idaho 2007) (dismissing case where debtors received the requisite counseling 187 days prior to filing, finding that Congress included no hint to indicate that the bankruptcy court was free to consider the particular situation of individual debtors, except when those circumstances fall within the confines of the three, specific statutory exemptions enumerated in the same § 109(h), and noting that if Congress intended that the bankruptcy courts have the power to vary the eligibility requirements, presumably § 109(h) would have preceded its instructions in the statute with the phrase "unless the court orders otherwise....").

3

section, an individual **may not be a debtor** under this title unless such individual has, during the 180-day period preceding the date of filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency described in section 111(a) an individual or group briefing (including a briefing conducted by telephone or on the Internet) that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis. (Emphasis added)

As Judge Thurman recently noted in *In re Giles*,[5] the vast majority of courts that have faced this unfortunate fact pattern reluctantly concede that Congress provided them no authority to waive or overlook a debtor's failure to obtain credit counseling within 180 days of filing when that debtor does not qualify for an exception under § 109(h).

The facts in *Giles* are essentially identical to those here. The debtor had obtained counseling within 182 days of the filing of the case. In that case, the court declined to adopt the holding of *In re Bricksin*,[6] where a court refused to dismiss a case after finding that the debtors had complied with the "spirit" of § 109(h) by participating in "ongoing" credit counseling. The *Giles* court found that the language of § 109(h) makes clear that absolute compliance by individual debtors is required to be an eligible debtor under the Bankruptcy Code, and that because specific and detailed exceptions are spelled out under § 109(h), courts may not create new ones.

While this Court agrees with *Manalad* in finding that eligibility is not jurisdictional,[7]

---

[5] 361 B.R. 212 (Bankr. D. Utah 2007).

[6] 346 B.R. 497 (Bankr. N.D. Cal. 2006).

[7] Nine judges of the bankruptcy bench for the Central District of California participated in the *Manalad* decision. All 9 agreed that eligibility is not jurisdictional—as does this Court—but six of the judges declined to follow the main holding in *Manalad*, that a bankruptcy court has discretion to decline to dismiss a case under these facts once the eligibility issue is brought to the Court's attention.

4

the problem here is that the issue was timely raised. That being the case, the Court is unable to overlook the statutory mandate that a debtor is unable to obtain Title 11 relief when she is not eligible to be a debtor.

The *Manalad* court nicely articulated the seeming injustice of dismissing a case under these facts:

> For a debtor in financial straits, this means the expense of another filing fee ($299.00) and the time, effort, and possible attorneys' fees needed to prepare a new petition and set of case commencement documents. It also means a potential limited availability of the protection of the automatic stay. Under § 362(c)(3), when a debtor files a petition after a petition was pending within the preceding year, the debtor may lose the protection of § 362(a) thirty days after filing the later petition with respect to secured creditors and lessors. A debtor has an opportunity to obtain an order continuing the automatic stay but must promptly file a motion, schedule a hearing, and overcome a presumption that the later case was not filed in good faith. For debtors who had one case dismissed, then a second case dismissed for failure to comply with the Credit Counseling Requirements, they must wait a full year to file another petition if they wish for any protection of the automatic stay.

This Court couldn't agree more that the result mandated by Congress is harsh in this case, because it seems unlikely that the six days of delay made any difference to anyone.

Furthermore, the Government Accountability Office recently issued a report entitled "Value of Credit Counseling is Not Clear,"[8] which questions whether this pre-filing counseling requirement, at least in its present form, fulfills the stated goals of Congress. The report states that

> "anecdotal evidence indicates that the great majority of clients receiving prefiling counseling have few viable alternatives to bankruptcy. The Bankruptcy Act's credit counseling requirement therefore may not be serving its purpose of helping consumers

---

[8] GAO-07-203, 2007 WL 1230164 (F.D.C.H.), Federal Document Clearing House Copyright (c) 2007 CQ Transcriptions, LLC United States Government Accountability Office, April 06, 2007.

make informed choices about whether or not to file for bankruptcy. Providers and others told us that many clients perceived the counseling session as an administrative obstacle rather than a useful exercise."[9]

Although GAO's report places into question the benefit of this requirement, unless and until Congress reverses its clear statutory mandate, this Court cannot follow *Madalan* regardless of what seems intuitive, and regardless of GAO's report questioning its efficacy.

Because Congress clearly articulated very limited circumstances when failure to comply with the 180-day requirement would not impede eligibility, and the facts herein do not fall within any of them, this Court cannot follow the *Madalan* court, which essentially establishes its own judicially created bases on which failure to obtain timely counseling can be excused. Congress used plain and unequivocal language in mandating this result, and it is not this Court's prerogative to substitute its judgment for that of elected officials.[10]

## III. Conclusion

Section 109(h) clearly states that an individual is not eligible to be a debtor under Title 11 unless he or she receives credit counseling within 180 days of filing, or qualifies for one of the few statutory exceptions specifically provided under § 109(h). Because Debtor, Marsha Gaddis, did not receive credit counseling within 180 days of filing her petition, and because she does not fall within one of the statutory exceptions, her petition must be dismissed, without prejudice to refiling.

---

[9]*Id.*

[10]*In re Ruckdaschel*, 2007 WL 841592 at *9 (finding that "...even if the strategy employed by Congress in implementing its policy is flawed, this is not a sufficient reason for a bankruptcy court to decline to enforce this rule. If there are defects in this policy, only Congress, not the courts, can repair them. While the 180-day requirement may be criticized, there is no basis to ignore it.")

**IT IS, THEREFORE, ORDERED** that Debtor's bankruptcy must be, and is, dismissed.

**IT IS FURTHER ORDERED** that the foregoing constitute Findings of Fact and Conclusions of Law under Rule 7052 of the Federal Rules of Bankruptcy Procedure and Rule 52(a) of the Federal Rules of Civil Procedure. A judgment based on this ruling will be entered on a separate document as required by Fed. R. Bankr. P. 9021 and Fed. R. Civ. P. 58.

# # #